Doyle v. Mastercard International Incorporated

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand seventeen.

PRESENT: DENNIS JACOBS,
        PIERRE N. LEVAL,
        REENA RAGGI,
          Circuit Judges,

- - - - - - - - - - - - - - - - - - - -X
ROBERT DOYLE, individually and on behalf
of all others similarly situated,
        Plaintiff-Appellant,

        -v.-               16-4270

MASTERCARD INTERNATIONAL INCORPORATED,
        Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**               TODD C. BANK, Todd C. Bank, Attorney at Law, P.C., Kew Gardens, NY.

**FOR APPELLEE:**                    CHRISTOPHER KARAGHEUZOFF
                                    (Jonathan Montcalm, <u>on the
                                    brief</u>), Dorsey & Whitney LLP,
                                    New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Robert Doyle appeals from a judgment of the United States District Court for the Southern District of New York (Swain, <u>J.</u>) dismissing his putative class action claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code §§ 28-3901-3913. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Doyle's amended complaint alleges that, from 2011 to 2015, Mastercard International Incorporated ("Mastercard") advertised nationwide that it would donate one cent to a charitable program called "Stand Up To Cancer" for each Mastercard credit or debit card transaction of at least $10 in a United States restaurant. (In 2011, there was no minimum.) In 2012, 2014, and 2015, Mastercard added that it would make a two-cent donation for certain contactless transactions. Each year, the advertisements disclosed that the promotion would start on a certain date and run until the earlier of: (1) a specified end date; or (2) whenever Mastercard reached its $4 million maximum donation.

Doyle is a New Jersey resident who used his Mastercard credit or debit card at restaurants in Florida and New Jersey between 2011 and 2015. He alleges that by engaging in qualifying transactions in response to Mastercard's advertisements, he (and others like him) formed a contract with Mastercard, and that Mastercard breached by continuing to advertise the "Stand Up To Cancer" promotion after it became apparent that the $4 million maximum donation would be, or had

been, met.  He further alleges breach of the implied covenant of good faith and fair dealing, and violation of the DCCPPA.

The district court dismissed the complaint, ruling that Doyle failed to state a claim for either breach of contract or breach of the implied covenant of good faith and fair dealing, and lacked standing to pursue either an individual or class action under the DCCPA.

We review de novo the grant of a motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff.  Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566 (2d Cir. 2016).  "The same standards apply to dismissals for lack of standing pursuant to Rule 12(b)(1) when, as here, the district court based its decision solely on the allegations of the complaint and the undisputed facts evidenced in the record."  Id. at 566-67.

**1.**  Doyle's complaint acknowledges that "[t]he terms of MasterCard's advertisements [] were clear, definite, and explicit."  App'x at 8.  Specifically, for each qualifying transaction, Mastercard agreed to make a donation to "Stand Up To Cancer" until a scheduled end date arrived or the $4 million maximum donation was reached.  Doyle does not allege that Mastercard violated these terms.  Therefore, regardless of when the advertisements appeared or how certain Mastercard was that the maximum donation would be met, there was no breach of contract under New York law (which the parties agree applies).  See Kraus v. Visa Int'l Serv. Ass'n, 304 A.D.2d 408, 408 (1st Dep't 2003) (affirming dismissal of breach of contract claims because "plaintiff failed to allege the breach of any particular contractual provision").

**2.**  Doyle claims that Mastercard breached the implied covenant of good faith and fair dealing.  However, "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."  Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002); see also ICD Holdings S.A. v. Frankel, 976 F. Supp. 234, 243-44 (S.D.N.Y. 1997) ("A claim for breach

3

of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." (internal quotation marks omitted)).  Doyle's claim for breach of the implied covenant was properly dismissed as duplicative of the claim for breach of contract.

**3.**  Doyle argues that it was error to dismiss his putative class claim under the DCCPPA prior to class certification.  He is mistaken.  Because he does not claim to have personally suffered an injury under that statute, he lacks standing to sue. See Warth v. Seldin, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."); see also Lewis v. Casey, 518 U.S. 343, 357 (1996) (noting that Article III standing requirements are "no less true with respect to class actions than with respect to other suits"); Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing[.]").

Standing is generally a prerequisite to class certification.  Although there is a limited exception for cases in which class certification is "logically antecedent" to the determination of standing, see Ortiz v. Fibreboard Corp., 527 U.S. 815, 831 (1999), that exception does not apply here because "resolution of class certification [would not] obviate[] the need to decide issues of Article III standing," Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 65 (2d Cir. 2012).  Regardless of whether a class is certified for purposes of a DCCPPA claim, Doyle would lack standing to sue on its behalf because he alleges no injury under that (or any other consumer protection) statute. His alleged injury is based on an entirely separate -- and meritless -- breach-of-contract theory.  See Allee v. Medrano, 416 U.S. 802, 828-29 (1974) (Burger, C.J., concurring in the result in part and dissenting in part) ("[I]t bears repeating that a person cannot predicate standing on injury which he does not share."); Okla. Police Pension & Ret. Sys. v. U.S. Bank Nat'l Ass'n, 986 F. Supp. 2d 412, 419 n.3 (S.D.N.Y. 2013) (explaining

4

that logical antecedence "is inapplicable to [a] case involving a challenge to the sole named plaintiff's standing to bring a claim under a separate cause of action which it itself does not have standing to bring").

Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5